**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: July 24, 2026
Date Decided: August 10, 2026

Michael A. Barlow, Esq.
Shannon M. Doughty, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
500 Delaware Avenue, Suite 1400
Wilmington, DE 19801

William M. Lafferty, Esq.
Ryan D. Stottmann, Esq.
Adam C. Perri, Esq.
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

RE:   *Neil Luthra, et al. v. HIR Holdings LP*,
        C.A. No. 2025-1122-LM (BWD)

Dear Counsel:

I write to resolve Plaintiffs' Motion to Strike Defendant's Untimely Notice of Exceptions (the "Motion to Strike").  Dkt. 65.

This is a books and records action under 6 *Del. C.* § 17-305.  The assigned Magistrate in Chancery issued a post-trial final report on May 28, 2026.  Dkt. 54. The final report advised that "[a]ny exceptions to this Report shall be filed within three days" and directed that "[i]f no exceptions are taken, the parties shall submit a stipulated implementing order consistent with this decision within one week thereafter." *Id.* at 33.  Neither party filed exceptions, and on June 22, the Chancellor

entered an Order approving the final report and adopting "the findings of fact made therein." Dkt. 59.

The parties filed competing forms of an implementing order with accompanying letters. Dkts. 57–58. On July 8, the Magistrate in Chancery entered the plaintiffs' proposed form of order with modifications, including a narrative explanation of her reasoning (the "Implementing Order"). *See* Dkt. 60. On July 13, the defendant timely filed exceptions to the Implementing Order (the "Exceptions"). Dkt. 61.

In their Motion to Strike, the plaintiffs argue that exceptions to an implementing order are procedurally improper under Court of Chancery Rule 144(c)(2)(A). The plaintiffs read this rule to "permit[] exceptions only to a Final Report or any prior Report," and not to a Magistrate's ruling issued after the Final Report. Pls.' Reply in Supp. of Their Mot. to Strike Def.'s Untimely Notice of Exceptions [hereinafter Reply] ¶ 5, Dkt. 71. This argument is premised on a misunderstanding of Rule 144.

The Delaware Supreme Court has held that a Magistrate in Chancery's legal and factual rulings are subject to *de novo* review by the Chancellor or a Vice Chancellor. *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999). Because "the Delaware Constitution restricts the exercise of judicial authority to those who are

appointed by the Governor and confirmed by the Senate," and a Magistrate in Chancery is appointed by the Chancellor, his or her "rulings, findings of fact, conclusions of law, and recommended disposition" are subject to review. *Id.* at 182–83. The standard of review does not diminish "the important assistance that [Magistrates in Chancery] provide," nor does it "suggest that their decisions are less thoughtful or worthy than those of a trial judge." *Id.* at 184. Indeed, "[t]his Court could not maintain its current case load absent the service of the [Magistrates] in Chancery; they are essential to the proper functioning and reputation of the Court." *Kablaoui v. Gerar Place Condo. Ass'n*, 2022 WL 17827089, at *1 (Del. Ch. Dec. 21, 2022), *aff'd*, 303 A.3d 1219 (Del. 2023).

Consistent with *DiGiacobbe*, Court of Chancery Rule 144 contemplates that a party may take exception to any decision issued by a Magistrate in Chancery. Rule 144(c)(2)(A) dictates only when exceptions may be filed. Rule 144(c)(2)(A) provides that "[a] party may take exceptions to *any Report* only after entry of the Final Report." Ct. Ch. R. 144(c)(2)(A) (emphasis added). A "Report" is "[a]ny ruling, order, or decision by a Magistrate in Chancery" and a "Final Report" is "[a] Report that concludes a referred action or dispute." Ct. Ch. R. 144(b)(1)–(2). The effect is to require in most instances that parties hold their exceptions until the

conclusion of the action. The rule is designed to ensure that proceedings are staged in an efficient manner, not to preclude a party from filing exceptions.[1]

The defendant may not relitigate the merits of the Magistrate in Chancery's post-trial final report through Exceptions to the Implementing Order. But to the extent the Implementing Order resolved issues not addressed in the post-trial final report, the Exceptions are procedurally proper. The Motion to Strike is DENIED.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor

cc:  All counsel of record (by File & ServeXpress)

---

[1] The plaintiffs argue that the "proper vehicle" for the defendant to dispute the final order is through a motion for reargument. Reply ¶ 6. While a party may move for reargument or clarification of a Magistrate in Chancery's ruling, Ct. Ch. R. 144(f), it may do so only when "the moving party [can] demonstrate that the Court's decision was predicated upon a misunderstanding of a material fact or a misapplication of the law." *Fisk Ventures, LLC v. Segal*, 2008 WL 2721743, at *1 (Del. Ch. July 3, 2008) (quoting *Forsyth v. ESC Mgmt. Co. (U.S.), Inc.*, 2007 WL 3262205, at *1 (Del. Ch. Oct. 31, 2007)). The defendant does not argue that the implementing order was based on a misunderstanding of fact or misapplication of law.